IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Richard E. Robinson,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:13cv371 (GBL/IDD) |
| | ) |
| Harold Clarke,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

THIS MATTER is before the Court on respondent's motion to dismiss Richard E. Robinson's pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case concerns Robinson's challenge to his conviction of four counts of animal fighting in the Circuit Court for the City of Richmond, Virginia. Respondent filed his motion to dismiss on June 24, 2013. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on July 15, 2013. Upon careful review, the Court finds that this habeas corpus application must be dismissed because the state courts' decisions were not contrary to or an unreasonable applications of federal law.

### I. Background

On December 16, 2009, a jury convicted Richard E. Robinson of one count of animal cruelty in violation of Va. Code. § 3.2-6570(B)(5); one count of dog fighting: possessed owned or trained in violation of Va. Code. § 3.2-6571(A)(1)(B)(2); one count of animal: dog fighting activity in violation of Va. Code. § 3.2-6571(A)(1)(B)(1), and one count of dog fighting: possessed, owned or trained in violation of Va. Code. § 3.2-6571 (A)(1)(B)(5) in the Circuit Court for the City of Richmond. Commonwealth v. Robinson, Case Nos. CR09-F-4742, CR09-

F-4743, CR09-F-4882, and CR09-F-4884, respectively. On September 08, 2009, a grand jury returned three indictments for violations of felony dog fighting and animal cruelty. J.A. at 1-4.

On December 14, 2009, a day before petitioner's trial began, petitioner's counsel filed a motion to quash the three indictments or, in the alternative, to proceed on only one indictment arguing that to proceed on all would violate the double jeopardy clause. Id. at 5-6, 32. The trial court found that Va. Code § 19.2-266.2 required "defense motions or objections seeking . . . dismissal of an . . . indictment . . . on the ground that . . . defendant would be twice placed in jeopardy in violation of the provisions of the Fifth Amendment to the Constitution of the United States," or in violation of the Virginia Constitution to be brought "not later than seven days before trial." Id. at 32. As such, the trial court denied the motion as untimely pursuant to §19.2-266.2(B). Id. at 40. Though §19.2-266.2(B) gives circuit courts discretion to hear untimely petitions for "good cause shown and in the interest of justice," the trial court found that petitioner's counsel failed to show good cause for why the motion was untimely. Id. at 40 (relating petitioner's counsel's given reason for not meeting §19.2-266.2(B)'s requirement as "in trying to figure out what we were doing about the motion to continue, I simply just didn't – didn't focus on this until at the moment I did").

At petitioner's trial, Amy Taylor, an animal control officer, testified that on June 16, 2009, she went to petitioner's residence, id. at 182, and found twelve dogs, id. at 191, many of which had injuries, were visibly bleeding and were kept on heavy chains, id. at 137-39. The dogs had either no or little water. See id. at 140. One dog was found without any water and kept on a chain that weighed more than the dog itself. Id. at 139, 176. Officer Taylor also testified to finding documentation of dogs' pedigrees, id. at 153, 156, salted hides, leashes, toys, harnesses, id. at 173-74, and multiple kennels. Dr. Touroo, a veterinarian for animal control with the

Virginia Department of Agriculture, id. at 213-14, testified that she examined the twelve dogs seized from petitioner's residence and concluded that most of the dogs were used in fighting, based on injuries, scarring, clinical dehydration, and bruising found on the dogs, id. at 224-239. One dog was euthanized because the injuries were no longer treatable, id. at 241. Richard Samuels, a certified expert in dog fighting and an animal control officer for the Spotsylvania County Sheriff's Office, id. at 263-64, testified that the number of dogs in petitioner's residence, the injuries on the dogs, id. at 266, and items found on the property were consistent with those of dog fighting, id. at 273, 280, 282, 286. Anna Ponce, a former employee of the Richmond Animal Care and Control, testified that during one of her shifts petitioner came into the animal control center and asked why his dogs were taken. Id. at 304.

Mr. Trucker, petitioner's witness, testified that he was the owner of the dogs, id. at 340, that he had built the kennels found on petitioner's residence, id. at 341, and that he was renting space on petitioner's property on which to keep the dogs, id. at 340. Mr. Tucker was the defense's only witness. The court sentenced petitioner to nine years and twelve months incarceration. Robinson pursued a direct appeal to the Court of Appeals of Virginia claiming insufficient evidence to support his conviction and two errors by the trial court: convicting him on three counts of animal cruelty in violation of the double jeopardy clause and in imposing a ten-year sentence. The Court of Appeals granted the petition for appeal as to petitioner's double jeopardy claim on January 25, 2011. Robinson v. Commonwealth, R. No. 0792-10-2 (Va. Ct. App. Jan. 25, 2011). On July 19, 2011, after hearing oral argument on the double jeopardy issue, the Court of Appeals of Virginia affirmed the trial court's decision to deny Robinson's motion to quash two of the three felony indictments because the motion was untimely under Va. Code § 19.2-266.2 and Robinson's counsel had failed to show either "good cause" or an "interest of

justice" existed to excuse the delay. Id. at 2. On August 15, 2011, the Court of Appeals of Virginia denied Robinson's petition for a rehearing en banc. Robinson v. Commonwealth, R. No. 0792-10-2 (Va. Ct. App. Aug. 15, 2011). On April 4, 2012, the Supreme Court of Virginia refused Robinson's petition for appeal. Robinson v. Commonwealth, R. No. 111660 (Va. Apr. 4, 2012).

Robinson then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, claiming his counsel was ineffective for failing to timely bring a double jeopardy clause objection and failing to introduce evidence that showed someone else was responsible for the animals' care. The court dismissed the petition on January 16, 2013. Robinson v. Dir. Dep't Corr., Case No. 121214. On March 13, 2013,[1] Robinson filed the instant federal habeas petition, raising the following claims:

> 1. Ineffective Assistance of Counsel
>
>> (A) Counsel was ineffective for failing to timely raise a double jeopardy claim.
>>
>> (B) Counsel was ineffective for failing to introduce evidence of a contract that showed a third party was responsible for the dogs.
>
> 2. Trial court erred in failing to dismiss two of the three felony indictments in violation of the double jeopardy clause of the United States Constitution and the Virginia Constitution.
>
> 3. The Court abused its discretion in imposing a ten-year sentence.
>
> 4. Trial Court erred in finding there was sufficient evidence to support his conviction.

Based on the pleadings and record before this Court, it is uncontested that Robinson exhausted all of his claims as required under 28 U.S.C. § 2254.

---

[1] Though Robinson signed his petition he did not include a date. His envelope was post marked March 13, 2013, and the Court received his petition on March 15, 2013. Thus, his petition will be deemed filed as of March 13, 2013.

4

## II. Procedural Bar

Petitioner's claim that the trial court erred in failing to dismiss two of the three felony indictments in violation of the double jeopardy clause is procedurally barred from review on the merits. A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Both the trial court and Court of Appeals of Virginia held that Robinson failed to timely

raise his double jeopardy claim as required by Va. Code § 19.2-266.2. J.A. at 5-6, 32. Each court explicitly relied on Va. Code § 19.2-266.2, which is an independent and adequate state ground. See Schmitt v. Kelly, 189 Fed. Appx. 257, 274 (4th Cir. 2006).

Petitioner argues that this claim should not be procedurally barred because the trial court failed to "reasonably apply this Virginia Code section . . . [which] has now possibly precluded him from seeking federal review of the matter. This fact, Robinson maintains, does not constitute an [sic] adequate state procedural bar." Pet'r's Answer to Res't Mot Dismiss at 3. This argument, however, makes no showing of cause and prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Therefore, claim two of this petition is procedurally barred from consideration on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the

correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

### IV. Analysis

A. Claims 1(a) and 1(b): Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and

substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998). The Virginia Supreme Court found that Claims 1(a)–(b) fail to satisfy either the performance or prejudice prong of the two-part test enunciated in Strickland.

1. Claim 1(a)

Petitioner alleges that he was denied the effective assistance of counsel when counsel failed to timely bring a motion to quash two of his three felony indictments that he alleges were in violation of the United States Constitution's double jeopardy clause and the Virginia Constitution's double jeopardy clause. Br. Supp. Pet. 2, ECF No. 2. Specifically, petitioner complains that counsel's "performance was deficient because the error of not timely filing a motion for double jeopardy was very serious." Id. at 3. He argues he has been "severely prejudiced" because counsel's failure resulted in increased jail time. Id. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that:

> Claim (a) fails to satisfy the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the indictments, the transcript, and the verdict forms, demonstrates that petitioner was found guilty of three separate violations of the animal fighting statutes, Code§§ 3.2-6571(A) (1) (B) (1), 3.2-6571 (A) (1) (B) (2), 3.2-6571(A) (1) (B) (5), for conduct involving multiple animals. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Jan. 16, 2013 at 1, R. No. 1337989. The Double Jeopardy Clause of the Fifth Amendment, applicable to the states via the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; see Benton v. Maryland, 395 U.S. 784, 794 (1969). "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." US v. Dixon, 509 U.S. 688, 696 (1993). "A single act," however, "may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Blockburger v. U.S., 284 U.S. 299, 304 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304.

Here, Blockburger is the controlling federal law as petitioner argues that his counsel's failure to object to being convicted under three distinct statutory provisions based on the same conduct violates the double jeopardy clause. Notably, when the Virginia Supreme Court heard this claim it examined the statutes to conclude that petitioner was convicted of three separate offenses. As "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus," Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) (citing Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)), there can be no second-guessing of the Supreme Court of Virginia's conclusion. As such, the Virginia Supreme Court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts; the

court found petitioner failed to satisfy the prejudice prong of <u>Strickland</u> when it concluded petitioner was convicted of three separate offenses that involved multiple animals. <u>Williams</u>, 529 U.S. at 412–13. Therefore, this claim will be dismissed.

2. Claim 1(b)

Petitioner's allegations regarding his claim 1(b) are brief. In full he states, "trial counsel failed to introduce into evidence the contract between Tracey Tucker and Ardeller Morris, which showed that Tucker, not Robinson, was responsible for the care of the animals. As a result, Robinson was convicted of the misdemeanor offense of animal cruelty." Br. Supp Writ at 3; Docket No. 2. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that:

> Claim (b) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in <u>Strickland</u>. Petitioner fails to proffer either the contract that counsel allegedly should have introduced or affidavits from the contract's parties detailing the contract's contents. Moreover, all of the injured animals were found on petitioner's property. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Jan. 16, 2013 at 1, R. No. 1337989. For the reasons expressed in the state court's order, its rejection of petitioner's present claim was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts. Therefore this claim will be dismissed. <u>See</u> <u>Williams</u>, 529 U.S. at 412-13.

B. <u>Claim 3: Trial Court Abused its Discretion</u>

Petitioner alleges that the trial court abused its discretion in imposing a ten-year sentence. Br. Supp. Writ 6, Docket No. 2. Specifically, petitioner argues that though Virginia Code §§ 19.2-295.1 and 19.2-303 gave the trial court discretion to impose all or part of the sentence that

his jury recommended, the court did not use its judicial discretion but rather acted arbitrarily. Petitioner supports this assertion by stating the "trial court had no sentencing guidelines" and that it "placed great emphasis upon the fact that Robinson had been previously convicted of the same or similar offenses before the same trial court." Id. at 6. When the Court of Appeals of Virginia heard this claim it ruled:

> "It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" Valentine v. Commonwealth, 18 Va. App. 34,339,443 S.E.2d 445,443 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473,479,237 S.E.2d 900, 903 (1977)). The sentences imposed by the trial judge were within the ranges set by the legislature. See Code §§ 3.2-6570 and 3.2-6571. Accordingly, the judge did not abuse her discretion.

Order Oct. 20, 2010 at 3, R. No. 0792-10-2. The Supreme Court of Virginia refused further review by its April 4, 2012 order. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst, 501 U.S. at 803. "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus," Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) (citing Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)). As the Supreme Court of Virginia interpreted Virginia state law to conclude that the trial court did not abuse its discretion when it imposed petitioner's sentence, there can be no second-guessing the Court of Appeals of Virginia. Thus, the state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim will be dismissed.

C. <u>Claim 4: Insufficient Evidence to Support Conviction.</u>

Petitioner alleges that he was denied his Fourteenth Amendment Due Process rights because the evidence at trial was insufficient to support his conviction. Br. Supp. Writ 7, Docket No. 2. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546–47 (1981); see <u>Wilson v. Greene</u>, 155 F.3d 396, 405–06 (4th Cir. 1998) (citing <u>Wright v. West</u>, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. <u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993).

Specifically, petitioner alleges that "the Commonwealth's evidence failed to exclude the reasonable hypothesis that Tucker was the owner and caregiver of the dogs found" at his residence. Br. Supp. Writ 7, Docket No. 2. Petitioner argues that "the Commonwealth's case rests upon circumstantial evidence." <u>Id.</u> Further, he states that he was not the Owner of the euthanized dog and that there was evidence to support "Tucker, rather than Robinson," being the dog's caregiver. When the petitioner presented this claim to the Court of Appeals of Virginia in his appeal, it ruled that:

> [t]he jury believed the Commonwealth's witnesses and rejected appellant's evidence. "The credibility of the witnesses and the

12

> weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Appellant repeatedly asserted ownership of the dogs to the shelter employees and to the police. The dogs were kept at his mother's residence where he also lived, and the record reveals Tucker did not even have a key to the house to access the dogs he claimed at trial were his. The record fully supports the jury's conclusion that appellant was the actual owner and caretaker of the animals. Furthermore, the circumstantial evidence amply supports the finding that appellant was actively involved in dog fighting.
>
> Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong, see Martin, 4 Va. App. at 443, 358 S.E.2d at 418.
>
> [The Commonwealth's expert in dog fighting] explained that the number and type of dogs as well as their injuries and the presence at appellant's residence of numerous items related to dog fighting were all consistent with appellant's active involvement in the business of dog fighting. Similarly, Touroo, [a Veterinarian,] testified the injuries sustained by appellant's dogs were consistent with dog fighting.
>
> The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of animal cruelty, second offense within five years and three counts of animal fighting.

Order Oct. 20, 2010 at 3, R. No. 0792-10-2. The Supreme Court of Virginia refused further review by its April 4, 2012 order. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst, 501 U.S. at 803. As the state court's

rejection of this claim was based on a reasonable determination of the facts and was not contrary to the controlling federal law, that result may not be disturbed here. Williams, 529 U.S. at 412 - 13. Therefore, this claim must be dismissed.

## V. Conclusion

For the above-stated reasons, respondent's Motion to Dismiss will be granted. An appropriate order shall issue.

Entered this 22nd day of Nov 2013.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

14